IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| S. MITCHELL, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-CV-1258-P |
| | § | |
| PHH MORTGAGE CORPORATION, ET AL. | § | |
| | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Pending before the Court is a Motion for Summary Judgment [doc. 14], filed by Defendants/Counter-Plaintiffs' PHH Mortgage Corporation ("PHH") and Wells Fargo Bank, N.A. ("Wells Fargo"), as Trustee for Option One Mortgage Loan Trust 2001-A, Asset-Backed Certificates, Series 2001-A (collectively "Defendants") on February 10, 2022. Having carefully considered the motion, response, and reply, and relevant evidence, the Court recommends that Defendants' motion be **PARTIALLY DENIED and PARTIALLY GRANTED**.

Plaintiffs' current lawsuit involves claims relating to the execution of a Note on a loan, Deed of Trust to the Property securing the Note (together with the Note, the "Loan Agreement") and attempted foreclosure proceedings on Plaintiffs' property located at 6354 Montego Court, Fort Worth, Texas 76116 ("the Property"). (See Defendants' Appendix in Support of Motion for Summary Judgment ("Defs.' App.") at pp. 133-35, 137-61.) This case is at least the fourth in a line of cases filed by Plaintiffs in an attempt to keep their Property from being foreclosed upon.[1]

---

[1] On May 3, 2011, Plaintiffs filed a Petition in the 236th Judicial District Court of Tarrant County, Texas, cause number 236-252605-11, in the matter styled as *S. Mitchell and P. Mitchell v. American Home Mortgage Servicing, Inc. and Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2001-A Asset Backed Certificates, Series 2001-A* ("2011 Lawsuit"). (Defs.' App. at Exhibit ("Ex.") B.) On June 21, 2012, the State

1

The Court cannot comprehend, after undergoing litigation since at least 2011, who is to blame for the continued litigation regarding, for the most part, the same parties over attempts to foreclose on the same Property. Nevertheless, the Court will, once again, expend scarce judicial resources on trying to resolve disputes between these parties, which should have long ago been concluded.

## I. BACKGROUND

On November 1, 2021, Plaintiffs S. Mitchell and P. Mitchell ("Plaintiffs") filed this action in the 153rd Judicial District Court of Tarrant County, Texas in response to a notice of

---

Court, in an Order of Dismissal With Prejudice, granted Defendants' Motion to Dismiss with Prejudice and dismissed the entire lawsuit. (Defs.' App. at Ex. C.) Subsequently, Plaintiffs appealed the dismissal order to the Court of Appeals for the Thirteenth District of Texas. (Defs.' Brief in Support of Motion for Summary Judgment at 5.) On September 12, 2013, the Court of Appeals entered a Judgment and Memorandum Opinion affirming the judgment entered by the State Court. (Defs.' App. at Ex. D.) On April 25, 2014, the Court of Appeals issued a Mandate to the 236th District Court of Tarrant County, Texas, affirming the Order of Dismissal. (Defs.' App. at Ex. E.)

Thereafter, on August 3, 2015, Plaintiffs filed a Petition in the 352nd Judicial District Court of Tarrant County, Texas, cause number 352-280099-15 in the matter styled *S. Mitchell and P. Mitchell v. Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2001-A, Asset-Backed Certificates, Series 2001-A* (the "2015 Lawsuit"). (Defs.' App. at Ex. F.) This case was removed to this Court on September 4, 2015, cause no. 4:15-cv-668-O, and assigned to District Court Judge Reed O'Connor [doc. 1 in cause no. 4:15-cv-668-O]. After a series or prior orders and decisions, the Court, on June 5, 2017, entered an Order granting Wells Fargo's Motion for Summary Judgment on its counterclaim for judicial foreclosure. (Defs.' App. at Ex. N.) The Court issued a Final Judgment on July 25, 2017. (Defs.' App. at Ex. N.) Thereafter, on September 26, 2017, the Court entered a Modified Final Judgment [doc. 68 in cause no. 4:15-cv-668-O]. On February 22, 2018, the Court entered an Order denying Plaintiffs' Motion for New Trial, stating that Plaintiffs' arguments were not sufficient for the Court to review its summary judgment decision. (Defs.' App. at Ex. P.) Subsequently, Plaintiffs appealed the Court's June 5, 2017 Order and the judgments entered on July 25, 2017 and September 26, 2017, as affirmed by the Order denying Plaintiff's Motion for New Trial, to the United States Court of Appeals for the Fifth Circuit [doc. 72 in cause no. 4:15-cv-668-O]. On August 10, 2018, the appeal was dismissed due to appellant's failure to file their brief and recorded excerpts. (Defs.' App. at Ex. Q.)

While not referred to in Defendants' Motion for Summary Judgment, the Court also discovered that Plaintiffs, on September 4, 2018, filed a Petition in the 348th Judicial District Court of Tarrant County, Texas, as cause no. 348-302355-18, in the matter styled *S. Mitchell and P. Mitchell v. Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A. as Trustee for Option One Mortgage Loan Trust 2001-A, Asset-Backed Certificates, Series 2001-A*. This case was removed the case to this Court on October 4, 2018, cause number 4:18-cv-820-P, and assigned to District Court Judge Mark Pittman. The Court, on October 31, 2019, issued a Memorandum and Opinion and Order granting Defendants' Motion to Dismiss and dismissed all of Plaintiffs' claims with prejudice and also entered a Final Judgment.

On November 1, 2021 Plaintiffs filed this current action in the 153rd Judicial District Court of Tarrant County, Texas, as cause No. 153-330030-21. Defendants removed the case to this Court on November 12, 2021 [doc. 1].

non-judicial foreclosure sale set for November 2, 2021.[2] The November 2, 2021 foreclosure sale was canceled as a result of Plaintiffs obtaining, in state court, a Temporary Restraining Orders against Defendants. (Defs.' App. at p. 3.) Defendants removed the suit to this Court on November 12, 2021 [doc. 1]. In response to a Court order requiring Plaintiffs to file an amended complaint, Plaintiffs filed their First Amended Complaint ("Pls.' First Am. Compl.") [doc. 6] on November 29, 2021. Defendants, on December 10, 2021, filed their Answer and Counterclaim against Plaintiffs.

A. **Plaintiffs' First Amended Complaint**

In their First Amended Complaint, Plaintiffs allege that, on or about March 6, 2001, Plaintiffs executed a Note in the original principal amount of $208,000 ("Note") and a Deed of Trust ("Deed") naming Option One Mortgage Corporation as Lender and beneficiary, covering the Property. (Pls.' First Am. Compl. at 4.) According to Plaintiffs, the Deed was recorded on March 16, 2001 in the Official Public Records of the Clerk of Tarrant County, Texas. (*Id.*) Thereafter, on December 28, 2010, Plaintiffs claim that Notices of Acceleration of the Note were given on behalf of Wells Fargo to Plaintiffs, jointly and severally. (Pls.' First Am. Compl. at 4-5.) Plaintiffs further state that "[e]arlier notice of acceleration of the Note may have been given by Wells Fargo or a third party, to one or more Plaintiffs." (*Id.* at 4.)

Plaintiffs further allege that an Assignment of Mortgage and Promissory Note ("First Assignment"), dated January 10, 2011, "was executed from Sand Canyon Corporation fka Option One Mortgage Corporation to Wells Fargo, referring to incorrect recording references in regard to the Deed," and placed of record. (Pls.' First Am. Compl. at 4.) Plaintiffs further state

---

[2] On October 11, 2021, counsel for Defendants claims that she sent via certified mail a Notice of Reposting and Sale (the "Notice of Sale") with a copy of the proposed Notice of Foreclosure Sale attached to Plaintiffs at the most recent addressed on file for them and to the Property's Address. (Defs.' App. at p. 3, 6-8.) The Notice of Sale informed Plaintiffs that the sale of the Property was scheduled for November 2, 2021. (*Id.*)

3

that an "Appointment of Substitute Trustee ("First Appointment") was executed December 4, 2014 by Kerry Born as Contract Management Coordinator for Ocwen Loan Servicing, LLC ("Ocwen"), the latter claiming to act as attorney-in-fact for Wells Fargo therein," and was recorded on December 17, 2014. (*Id.*) Plaintiffs claim that "there was not a sufficient power of attorney existing or of record in Tarrant County, Texas, at the time of execution of the First Appointment, to validate the First Appointment" ((Pls.' First Am. Compl. at 4-5.)

Plaintiffs further allege that a "Corporate Assignment of Deed of Trust ("Third Assignment") was executed June 25, 2015" and recorded from "Sand Canyon Corporation fka Option One Mortgage Corporation to Wells Fargo, which "was apparently intended to be correction of a Second Assignment dated November 6, 2014 and recorded November 24, 2014." (*Id.* at 5.) Plaintiffs claim that, at some point, Notice of Substitute Trustee's Sale on behalf of Ocwen and Wells Fargo threatening non-judicial foreclosure sale on August 4, 2015 was given. (Pls.' First Am. Compl. at 5.)

Thereafter, at some point a Notice of Foreclosure Sale on behalf of PHH and Wells Fargo as to the Property, threatening non-judicial foreclosure sale on November 2, 2021, was given. (Pls.' First Am. Compl. at 5.) Plaintiffs claim that "prior to the foregoing Notice of Substitute Trustee's Sale, PHH and Wells did not comply with the notice requirements of Texas Property Code §[ ]51.002(d), not giving Plaintiffs notice of default and opportunity to cure, hence the Notice of Foreclosure Sale under Texas Property Code §[ ]51.002(b) is of no effect." (*Id.*) Plaintiffs further allege that they "believed that they had entered into a settlement and modification agreement as of September 27, 2019 concerning the Loan, but [they] have not received a notice of default and opportunity to cure preceding the [preceding] described Notice of Foreclosure Sale. (Pls.' First Am. Compl. at 5.)

Based on these allegations, Plaintiffs bring claims for violations of the TDCA, violations of the Texas Property Code, declaratory relief, and injunctive relief. (Pls.' First. Am. Compl. at 5-9.) As to their claim under the TDCA, Plaintiffs claim, *inter alia*, that in violation of Texas Finance Code § 392.301(a)(8),[3] Defendants PHH and Wells Fargo failed to give notice of opportunity to cure as required by acceleration and substitute trustee's sale in the form and manner required by Texas Property Code § 51.002(d)[4] because the enforcement of the lien described in the Notice of Sale was then barred by Texas Civil Practice & Remedies Code § 16.035(e).[5] (*Id.* at 6.) Plaintiffs also claim that, also in violation of Texas Finance Code 392.301(a)(8), Defendants gave a Notice to Sell to Plaintiffs that failed to comply with the requirements of Texas Property Code 51.002(b)[6] because there was lack of a preceding notice of

---

[3] Section 392.301(a)(8) states, "In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ . . . threatening to take an action prohibited by law. Tex. Fin. Code § 392.301(a)(8).

[4] Section 51.002(d) states:

Notwithstanding any agreement to the contrary, the mortgage servicer of the debt shall serve a debtor in default under a deed of trust or other contract lien on real property used as the debtor's residence with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given under Subsection (b). . . .

Tex. Prop. Code § 51.002(d).

[5] Section 16.035(e) states, "If a series of notes or obligations or a note or obligation payable in installments in secured by a real property lien, the four-year limitations period does not begin to run until the maturity date of the last note, obligation, or installment." Tex. Civ. Prac. & Rem. Code § 16.035(e).

[6] Section 51.002(b) states:

Except as provided by Subsection (b-1), notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by:

(1) posting at the courthouse door of each county in which the property is located a written notice designating the country in which the property will be sold;
(2) filing in the office of the county clerk of each county in which the property is located a copy of the notice posted under Subdivision (1); and
(3) serving written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

Tex. Prop. Code § 51.002(b).

default and opportunity to cure and Defendants lacked the capacity to give such notice(s) at the time each such notice was given. (*Id.* at 6.)

As to their claim for Texas Property Code violations, such claim was brought as an alternative claim. (Pls.' First Am. Compl. at 8.) Plaintiffs claim that the Notice to Sell Defendants sent setting the non-judicial sale for November 2, 2021 that was mailed to Plaintiffs, filed with the Tarrant County Clerk, and posted at the Tarrant County Courthouse did not comply with Texas Property Code § 51.002(d) or Texas Civil Practices & Remedies Code § 16.035(e). Thus, Plaintiffs assert that Defendants' foreclosure attempts violated Texas Property Code § 51.002(b). (*Id.*)

As to their claim for declaratory relief, Plaintiffs request that, based on Texas Civil Practices & Remedies Code § 16.035(e), "this Court declare that the lien of the Deed of Trust cannot be enforced and attempted foreclosure of such lien is barred, hence that the trustee's sale threatened for November 2, 2021 would have been invalid and any trustee's sale occurring hereafter would be invalid." (Pls.' First Am. Compl. at 8-9.) Finally, as to their claim for injunctive relief, Plaintiffs "ask that the Court grant temporary and permanent injunctive relief on each and all of the foregoing grounds and for each of the foregoing purposes." (*Id.* at 9.) In their request for relief, Plaintiffs seek, *inter alia*, declaratory relief, injunctive relief preventing Defendants from proceeding with foreclosure of the Property, statutory damages, compensatory damages, and attorney's fees. (*Id.* at 9-11.)

### B. Defendants' Motion for Summary Judgment

In their motion for summary judgment, Defendants argue that all of Plaintiffs' claims in the instant lawsuit are barred by *res judicata* as this is Plaintiffs' third lawsuit and attempt to stop foreclosure of the Property on almost identical grounds. (Defendants' Brief in Support of

6

Motion for Summary Judgement ("Defs.' Br.") at 3, 5-19.) In the alternative, Defendants claim that that they are entitled to summary judgment on Plaintiffs' affirmative claim for a declaratory judgment that foreclosure is time-barred because Defendant Wells Fargo brought its counterclaim for foreclosure within thirty days its answer was due as required by law. (*Id.* at 19-21.)

## II. ANALYSIS

The moving party is entitled to summary judgment as a matter of law when the pleadings and evidence before the court show that no genuine issue exists as to any material fact. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To determine whether there are any genuine issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.3d 167, 178 (5th Cir. 1990). Disposing of a case through summary judgment serves to reinforce the purpose of the Federal Rules of Civil Procedure, "to achieve the just, speedy, and inexpensive determination of actions, and when appropriate, [afford] a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986).

All of the evidence must be viewed in the light most favorable to the nonmovant, but the movant may not satisfy his or her summary judgment burden with either conclusory allegations or unsubstantiated assertions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citations omitted); *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (citations omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. ). "[A dispute] is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a

7

sham." *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Federal Rule of Civil Procedure ("Rule") 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992). Parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citation omitted).

## A. Res Judicata

As to Defendants' request for summary judgment based on *res judicata*, the Court incorporates by reference the law regarding *res judicata* and the procedural background of this case that has been set forth in the Court documents in cause number 4:15-cv-668-O. In evaluating the four-pronged test in determining whether *res judicata* prevents a claim from continuing litigation,[7] the Court concludes that *res judicata* does not apply to bar Plaintiffs' current claims against Defendants as such claims relate to the notices given by Defendants regarding a foreclosure attempt on Plaintiffs' Property in 2021. Consequently, Plaintiffs' current claims were not claims that *were or could have* been brought in one of the prior suits, all of which were concluded by 2019. As a result, the Court recommends denying Defendants' Motion for Summary Judgment based on *res judicata* because the same claims or cause of actions were not involved in both this suit and one of the prior suits.

---

[7] In determining whether *res judicata* prevents a claim from continuing litigation, the Fifth Circuit employs a four-pronged test: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both cases. *Petro-Hunt, L.L.C. v. U.S.*, 365 F.3d 385, 395 (5th Cir. 2004).

8

### B. Plaintiffs' Declaratory Judgment Claim Under Section 16.069

As to Defendants' claim that that they are entitled to summary judgment on Plaintiffs' affirmative claim for a declaratory judgment that foreclosure is time-barred because Defendant Wells Fargo brought its counterclaim for foreclosure within thirty days its answer was due, Texas Civil Practices & Remedies Code § 16.069 provides that a party to an action may file a counterclaim or cross claim that would otherwise be barred by limitation, if the claim arises out of the same transaction or occurrence that is the basis of the action and the claim is filed no later than the 30th day after an answer is required. Tex. Civ. Prac. & Rem. Code Ann. § 16.069. "Courts have interpreted section 16.069 as permitting a party's otherwise time-barred counterclaims or cross claims only when the opposing party has sought 'affirmative relief,' rather than just a declaration on a dispute between the parties." *Holman St. Baptist Church v. Jefferson*, 317 S.W.3d 540, 545 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (collecting cases).

In their motion, Defendants contend that foreclosure is not time-barred because, "in their Complaint, Plaintiffs brought a variety of claims based [on] Wells Fargo's loan and relate [sic] Wells Fargo's capacity to foreclose and its appointed substitute trustees' capacity to conduct a foreclosure sale." (Defs.' Br. at 20.) Wells Fargo claims that its "counterclaim for foreclosure involves many of the same facts and is logically related to Plaintiffs' claims" and that "Plaintiffs' election to bring a variety of claims seeking affirmative relief related to the origination, servicing and foreclosure of the subject Loan Agreement, instead of bringing only a declaratory judgment claim that foreclosure was time-barred, had the effect of reviving Defendants' counterclaim for judicial foreclosure." (Defs.' Br. at 20.)

9

After reviewing the evidence before the Court, the Court finds that Defendants' counterclaim was filed within the thirty days required by section 16.069 of the Texas Civil Practices and Remedies Code. Plaintiffs filed their Petition in state court on November 1, 2021 and the case was removed to this Court on November 12, 2021 [doc. 1]. The Court, also on November 12, 2021, issued an order for Plaintiffs to file an amended complaint no later than November 29, 2021 and for Defendants to file an answer or other response no later than December 20, 2021 [doc. 4]. Plaintiffs filed their Amended Complaint on November 29, 2021 and Defendants filed their Answer and Counterclaim on December 10, 2021, seeking, *inter alia*, a declaratory judgment that Wells Fargo can foreclose on the Property [doc. 8].

In addition, the Court finds that Defendants' counterclaim arises out of the same transaction or occurrence that is the basis of Plaintiffs' action against Defendants. Accordingly, Defendants foreclosure claim was timely renewed under section 16.069 and the Court recommends that Defendants' Motion for Summary Judgment as to Defendants' claim that Plaintiffs are not entitled to a declaratory judgment that foreclosure is time-barred be **GRANTED**.

### RECOMMENDATION

Based on the foregoing, the Court recommends that Defendants' Motion for Summary Judgment [doc. 14] be **PARTIALLY DENIED** as to Defendants claim that Plaintiffs' claims are all barred by *res judicata* and **PARTIALLY GRANTED** as to Defendants' claim that Plaintiffs are not entitled to a declaratory judgment that foreclosure is time-barred.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to an action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation ("FCR") within fourteen (14) days after the party has been served with a copy of such FCR. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **June 29, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket for the United States District Judge.

SIGNED June 15, 2022.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE