UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STEVE MITCHELL, ET AL.,

  Plaintiffs,

v.                               No. 4:21-cv-1258-P

PHH MORTGAGE
CORPORATION, ET AL.,

  Defendants.

## ORDER

    The United States Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR") on a Motion for Summary Judgment filed by Defendants/Counter-Plaintiffs PHH Mortgage Corporation ("PHH") and Wells Fargo Bank, N.A. ("Wells Fargo"), as Trustee for Option One Mortgage Loan Trust 2001-A, Asset-Backed Certificates, Series 2001-A (collectively "Defendants"). ECF No. 26. The FCR recommends that the Court deny Defendant's Motion as to Plaintiffs Steve Mitchell and Patti Mitchell's claims and grant as to Defendants' counterclaim. Defendants and Plaintiffs both objected to the FCR. ECF Nos. 27, 28. After reviewing the FCR de novo, the Court **GRANTS** Defendants' Objection as to Plaintiffs' claims (ECF No. 28), **ADOPTS** the reasoning in the Magistrate Judge's FCR on Defendants' counterclaim (ECF No. 26), and **OVERRULES** Plaintiffs' Objection (ECF No. 27).

## BACKGROUND

    Plaintiffs received a loan from Option One Mortgage Corporation to buy certain property in Fort Worth, Texas ("Property") in 2001. Pls.' First Am. Compl. at 3, ECF No. 6. In exchange for the loan, Plaintiffs executed a promissory note and deed of trust securing the note. *Id.* Wells Fargo became the owner and holder of the note and deed of trust after several assignments. *Id.* at 4–5. Because Plaintiffs defaulted on the loan,

Wells Fargo sent Plaintiffs notice of default and gave them time to cure the default in 2010. Defs.' MSJ App'x at 63, ECF No. 16-2. After Plaintiffs did not timely do so, Wells Fargo sent Plaintiffs notice of sale in 2011. *Id.* at 28. Thus, beginning a never-ending dispute with Plaintiffs filing a series of four lawsuits challenging the notice of sale.

### A. First Lawsuit

To prevent foreclosure in 2011, Plaintiffs sued in Texas state court. *Id.* at 26–38. They alleged that Wells Fargo violated the Texas Debt Collection Act ("TDCA") § 392.301(a)(8) and Texas Property Code § 51.002 because they failed to give notice of default and opportunity to cure and lacked the capacity to give the 2011 Notice of Sale. *Id.* at 29. The state district court granted Wells Fargo's motion to dismiss all of Plaintiffs' claims with prejudice, which was affirmed on appeal. *Id.* at 40, 43–53.

### B. Second Lawsuit

After Plaintiffs were sent another notice of default and opportunity to cure in 2015, Plaintiffs sued again in Texas state court. *Id.* at 60–68. This time, they copied their entire petition from the First Lawsuit, changed the dates from 2011 to 2015, added a claim under the Texas Property Code, and requested declaratory and injunctive relief. *Id.* Plaintiffs' claim under the Texas Property Code was supported by the same arguments as their TDCA claims—Wells Fargo's alleged failure to give notice of default and opportunity to cure and lack of capacity to give the 2015 Notice of Sale because the statute of limitations barred Wells Fargo's lien. *Id.* Plaintiffs only new allegation was that the statute of limitations had passed. *Id.*

After the case was removed, this Court granted Wells Fargo's motion to dismiss Plaintiffs' TDCA and Texas Property Code claims with prejudice. *Id.* at 209. Later, this Court granted Wells Fargo's motion for summary judgment on Plaintiffs' claim for declaratory relief that foreclosure was barred by the statute of limitations and on Wells Fargo's counterclaim for judicial foreclosure. *Id.* at 217, 435. This Court also entered a final judgment dismissing all of Plaintiffs' claims with prejudice. *Id.* at 442. Plaintiffs appealed the final judgment, but the

2

appeal was dismissed for want of prosecution by the United States Court of Appeals for the Fifth Circuit. *Id.* at 453.

## C. Third Lawsuit

Undeterred, Plaintiffs sued for a third time after receiving another notice of sale in 2018.[1] *See Mitchell v. Ocwen Loan Servicing, LLC*, No. 4:18-CV-00820-P, 2019 WL 5647599, (N.D. Tex. Oct. 31, 2019) (Pittman, J.). They alleged that the enforcement of the lien was barred by Wells Fargo's failure to follow section 505.004 of the Texas Estates Code and section 9.001 of the Texas Business and Commerce Code. *Id.* Plaintiffs also sought a declaratory judgment that any substitute trustee's sale was void. *Id.* After the case was removed, this Court granted Defendants' Motion to Dismiss Plaintiffs' claims with prejudice based on res judicata and reasoned that "[d]espite the new foreclosure sale notice, the same set of facts was at issue in the First Lawsuit and Plaintiffs could have asserted their statutory violations in the First Lawsuit." *See Mitchell*, 2019 WL 5647599, at *5.

## D. Fourth Lawsuit

After they received a notice of sale in 2021, Plaintiffs filed suit for their fourth and final time. Pls.' First Am. Compl. Plaintiffs copied and pasted their complaint from their Second Lawsuit, merely changing the date on the notice of sale. *Compare* Pls.' First Am. Compl., *with* Defs.' MSJ App'x at 60–68. Plaintiffs assert that Defendants violated the TDCA and Texas Property Code because they failed to give notice of default and an opportunity to cure and lacked the capacity to give the

---

[1] While Plaintiffs and Defendants fail to mention this lawsuit in any of their filings, "[a] court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom." *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 410–11 (5th Cir. 2010) (cleaned up). The Fifth Circuit has also held "that district courts have 'the right to take notice of [their] own files and records' in adjudicating cases between the same parties raising substantially similar issues as those addressed in previous cases." *Id.* (quoting *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970). The Court thus takes judicial notice of the filings in the Third Lawsuit on its own motion. *See* FED. R. EVID. 201(c) (indicating that the district court may take judicial notice on its own motion); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (holding it "was appropriate for the court to take judicial notice" of certain matters).

3

2021 Notice of Sale because the statute of limitations barred Defendants' lien. Pls.' First Am. Compl. at 6–7. Plaintiffs also seek a declaratory judgment that the statute of limitations barred foreclosure. *Id.* at 8–9. Defendants counterclaimed for judicial foreclosure (ECF No. 8) and now move for summary judgment on Plaintiffs' claims and their counterclaim (ECF No. 14). It is past

## LEGAL STANDARD

### A. Review of a Magistrate Judge's Recommendation

A Magistrate Judge's FCR on a dispositive matter is reviewed de novo if a party timely objects. FED. R. CIV. P. 72. But if all or part of the Magistrate Judge's disposition governs a non-dispositive matter or is not objected to, the FCR is reviewed for plain error. *Id.*

### B. Summary Judgment Standard

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To show an issue of material fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party must show sufficient evidence to resolve issues of material fact in its favor. *Anderson*, 477 U.S. at 249.

When evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255. But the Court need not comb through the record in search of evidence that creates a genuine issue of material fact. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party must cite evidence in the record showing genuine issues of material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

# ANALYSIS

The FCR recommends that the Court deny Defendants' Motion as to Plaintiffs' claims and grant it as to Defendants' counterclaim. Defendants objected to the recommendation as to Plaintiffs' claims, arguing that res judicata bars them. Plaintiffs objected to the recommendation as to Defendants' counterclaim for declaratory relief, arguing that the claim fails because it impermissibly seeks judicial and nonjudicial foreclosure. The Court addresses both objections in turn.

## A. Plaintiffs' Claims

Plaintiffs assert three claims based on: (1) violations of the TDCA; (2) violations of the Texas Property Code; and (3) declaratory judgment. With the first two claims, they allege that Defendants violated the TDCA and Texas Property Code since they failed to give notice of default and an opportunity to cure and lacked the capacity to give the 2021 Notice of Sale because the statute of limitations barred Defendants' lien. With Plaintiffs' third claim, they seek a declaratory judgment that the statute of limitations bars foreclosure.

Because Plaintiffs have asserted these claims in past cases, Defendants moved for summary judgment against Plaintiffs' claims under res judicata. The Magistrate Judge, however, disagreed and concluded that res judicata does not apply because Plaintiffs' claims relate to the notices given by Defendants in 2021, which is before the last judgment in 2019. The Court thus addresses whether Plaintiffs' three claims are barred by res judicata.

### 1. <u>TDCA and Texas Property Code Claims</u>

"Under the doctrine of res judicata,' a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Res judicata "prevents relitigation of all 'issues that were or could have been raised in the previous action.'" *Davenport*, 484 F.3d at 326 (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981)). For res judicata to apply: "(1) the parties must be identical in both suits; (2) the

prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases." *United States v. Marshall*, 798 F.3d 296, 304–05 (5th Cir. 2015) (quoting *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990)).

Plaintiffs do not dispute that the first three elements are satisfied. The Court agrees. The only question is whether the same claim or cause of action is involved in both suits. The United States Court of Appeals for the Fifth Circuit uses the transactional test to determine whether two suits involve the same claim or cause of action. *See Davenport*, 484 F.3d at 326. This test requires the district court to consider whether the two cases are based on "the same nucleus of operative facts." *Id.* If so, "the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* (cleaned up).

Here, Plaintiffs' claims are based on the same nucleus of operative facts because they arise out of the same note and deed of trust that are the source of the claims dismissed in prior suits. *See Millard v. Bank of N.Y. Mellon Tr. Co.*, A-12-CA-1094-SS, 2013 WL 12120415, at *3 (W.D. Tex. Jan. 30, 2013) (holding that res judicata applied when "the same note and deed of trust [were] at issue"); *Johnson v. Citigroup Mortg. Loan Tr., Inc.*, No. 5:17-CV-1227-DAE, 2018 WL 6242181, at *8 (W.D. Tex. Mar. 19, 2018) (holding that res judicata applied when the plaintiff's claims arose out of the same loan that was the source of the claims dismissed in a prior suit). In fact, Plaintiffs copied their entire complaint from their Second Lawsuit, changed the date on the notice of sale, and pasted it to their complaint. Thus, "despite the new foreclosure sale notice, the same set of facts was at issue in the Second Lawsuit." *Mitchell*, 2019 WL 5647599, at *5 (cleaned up). Plaintiffs' claims are thus barred under res judicata.

That said, even if res judicata did not bar Plaintiffs' TDCA and Texas Property Code claims, they still fail as a matter of law. For Plaintiffs' TDCA claim, they allege that Defendants violated § 392.301(a)(8) because the 2021 Notice of Sale did not comply with various notice

6

requirements of the Texas Property Code. Pls.' First Compl. at 6–7. But a "mortgagee does not violate § 392.301(a)(8) if it had retained its contractual right to foreclose and the mortgage was in fact in default." *Rucker v. Bank of Am.*, 806 F.3d 828, 831 (5th Cir. 2015) (cleaned up). Thus, because both requirements are met and "irrespective of any statutory notice requirements, [Defendants] did not violate Section 392.301(a)(8) by threatening to foreclose." *Id.*

For Plaintiffs' Texas Property Code claim, they allege that Defendants violated Texas Property Code § 51.002 (b) and (d) for failing to give notice of default and an opportunity to cure before the 2021 Notice of Sale. Section 51.002(d) requires a mortgage servicer to provide a debtor with a notice of default and 20 days to cure the default before giving notice of sale. But there is no independent cause of action for breach of § 51.002. *See Ashton v. BAC Home Loans Servicing, L.P.*, No. 4:13-cv-810, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013). As in this case, "a violation of this section might allow a claim for wrongful foreclosure, but there is no allegation that a foreclosure sale of the Property has occurred." *Anderson v. Citimortgage, Inc.*, No. 4:13-CV-369, 2014 WL 11531414, at *5 (E.D. Tex. May 14, 2014).

Nor did Defendants violate § 51.002 because they issued a notice of default and provided an opportunity to cure in 2015. *See* Defs.' MSJ App'x at 436. Defendants did not have to provide another notice of default and an opportunity to cure for the 2021 Notice of Sale. *See Butler v. Colonial Sav., F.A.*, No. CV H-19-4704, 2020 WL 292273, at *2 (S.D. Tex. Jan. 21, 2020) ("Texas law does not require a new notice of default in these circumstances."); *see also Wilmington Tr., N.A., v. Rob*, 891 F.3d 174, 177 (5th Cir. 2018) (making an *Erie* guess that Texas law requires a new round of notice only if the lender reaccelerates after a rescission or abandonment of an earlier acceleration). Thus, "even if Plaintiffs could assert a claim for violation of section 51.002, that claim still would fail because the summary judgment evidence demonstrates that Defendants provided Plaintiffs with a Notice of Default more than twenty days before notice of the foreclosure sale." *Anderson*, 2014 WL 11531414, at *5 (cleaned up).

Accordingly, Plaintiffs' TDCA and Texas Property Code claims are

barred by res judicata and, alternatively, fail as a matter of law.

### 2. Declaratory Relief

Plaintiffs' request for declaratory relief is likewise barred by res judicata. A claim for declaratory relief is exempt from res judicata if the prior lawsuit did not involve "both a claim for declaratory relief and one or more claims seeking damages or other coercive relief." *ASARCO, L.L.C. v. Mont. Res. Inc.*, 858 F.3d 949, 956 (5th Cir. 2017). Because the prior suits asserted claims for damages and injunctive relief, the exception to res judicata does not apply.

Like their other claims, Plaintiffs contend that res judicata does not bar their request for declaratory relief because the request relates to the 2021 Notice of Sale and thus could not have been brought before the last judgment in 2019. The Fifth Circuit, however, rejected this argument. *See Stevens v. Nationstar Mortg., L.L.C.*, 765 F. App'x 105 (5th Cir. 2019). In *Stevens*, the plaintiffs sought declaratory relief, stating that the statute of limitations barred foreclosure of their home. *Id.* at 106. Although this claim was decided in an earlier suit, the plaintiffs argued that it arose after the previous suit—when they received a new notice of sale. *Id.* Yet the Court held that res judicata still barred this claim because it "rests on the alleged expiration of a statute of limitations, which they assert began to run with the first notice of default and intent to accelerate." *Id.* (cleaned up).

While Plaintiffs do not specify exactly when the statute of limitations began to run, they do assert that it started "well more than four years before" the 2021 Notice of Sale. Pls.' First Am. Compl. at 6. Thus, because Plaintiffs contend that the statute of limitations began to run before this Court's prior judgments, rejecting their claim for declaratory relief, res judicata also bars this claim.

### B. Defendants' Counterclaim

Defendants also moved for summary judgment on its counterclaim for a declaratory judgment on judicial foreclosure, and in the alternative, for nonjudicial foreclosure. A party may file a counterclaim that would otherwise be barred by the statute of limitations if the claim arises out of the same transaction or occurrence that is the basis of the

8

action and the claim is filed no later than 30 days after an answer is required. TEX. CIV. PRAC. & REM. CODE ANN. § 16.069. As the FCR points out, both requirements are met. FCR at 9–10. Defendants' counterclaim was filed ten days before their answer deadline and arose out of the same transaction or occurrence that is the basis of Plaintiffs' action against Defendants.

As a result, the Magistrate Judge recommended that the Court grant Defendants' counterclaim "that Plaintiffs are not entitled to a declaratory judgment that foreclosure is time barred." FCR at 10. Plaintiffs' object to the FCR and argue that Defendants' counterclaim fails because it seeks judicial and nonjudicial foreclosure. But as this Court has already pointed out, "this argument fails" because the election doctrine does not bar "pleading judicial and non-judicial foreclosure." Defs.' MSJ App'x at 439.

Defendants have presented sufficient summary-judgment evidence to show that they are entitled to summary judgment on their counterclaim for judicial foreclosure. Thus, the Court grants Defendants' counterclaim seeking a declaratory judgment stating that "Wells Fargo can foreclose on the Property pursuant to the prior judgment issued by Judge O'Connor in the Civil Action No. 4:15-cv-00668-O dated July 25, 2017." Defs.' Counterclaim at 9, ECF No. 8.

**C. Sanctions**

Courts have the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (citing *Roadway Express v. Piper*, 447 U.S. 752, 764 (1980)). This inherent power includes "the power to levy sanctions in response to abusive litigation practices." *Id.* (citing *Roadway Express, Inc.*, 447 U.S. at 766). Courts consider four factors when deciding whether to impose a prefiling sanction on a vexatious litigant:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from

9

the party's filings; and (4) the adequacy of alternative sanctions.

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)).

This is Plaintiffs' fourth lawsuit challenging foreclosure proceedings related to the Property. Plaintiffs' claims lack merit, and the Court finds their lawsuits duplicative and burdensome to the Court and the parties who must defend against them. Plaintiffs are **WARNED** that future frivolous or repetitive filings relating to the Property in this Court will result in the imposition of severe sanctions, including monetary sanctions and restrictions on their ability to file pleadings or other documents in this Court. *See Stevens*, 765 F. App'x at 106. This dispute is hereby terminated.

## CONCLUSION

After reviewing the FCR de novo, the Court **GRANTS** Defendants' Objection on Plaintiffs' claims (ECF No. 28), **ADOPTS** the reasoning in the Magistrate Judge's FCR on Defendants' counterclaim (ECF No. 26), and **OVERRULES** Plaintiffs' Objection (ECF No. 27).

Accordingly, the Court **GRANTS** Defendants' Motion for Summary Judgment (ECF No. 14), and Plaintiffs' claims are **DISMISSED with prejudice**.

**SO ORDERED** on this **12th day** of **October 2022.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE